[No. 4,495.]

### GEORGE D. ALDRICH *v.* GEORGE H. STEPHENS, AND GEORGE H. STEPHENS, ADMINISTRATOR OF THE ESTATE OF ANN KARNES, DECEASED.

FORECLOSURE OF MORTGAGE.—If the mortgagor, after the execution of the mortgage, makes a conveyance of the mortgaged property, and the conveyance is not recorded before foreclosure proceedings are commenced, the grantee need not be made a party defendant, and a judgment against the mortgagor is conclusive against such grantee.

IDEM.—If the mortgagor, after the execution of the mortgage, makes a conveyance of the mortgaged property, and the mortgage is foreclosed in an action in which summons is served on the mortgagor alone, the plaintiff cannot obtain relief by bringing a new action against the mortgagor and grantee, but must seek relief by motion in the original action.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

This was an action to obtain relief on account of a defective foreclosure of a mortgage. The plaintiff averred in his complaint, that on the 14th day of August, 1872, the defendant, George H. Stephens, gave him his promissory note for $6,848 40, with interest, and to secure the same, gave him a mortgage on a lot of land in Auburn, Placer county, and that on the 8th day of April, 1872, said Stephens, in consideration of one dollar, conveyed the lot to Ann Karnes, at that time a resident of Chicago, Illinois; that on the 15th day of September, 1873, he commenced an action in said Fourteenth District Court, against said Stephens and Ann Karnes, to foreclose said mortgage, and served summons on Stephens, and attempted to procure service of summons on said Karnes by publication of the same, but that before publication was completed, and on the 22d day of October, 1873, said Karnes died, and that, on the 26th of May, 1874, judgment of foreclosure in the action was rendered against Stephens alone; that at the time the judgment was rendered, no administrator on the estate of Ann Karnes had been appointed in this State, but that, on the 9th day of June, 1874, letters of administration on her estate had been issued to said Stephens, out of the Probate Court of Placer county, and that the administrator was a necessary party to a complete foreclosure. The prayer asked that the former decree against Stephens be vacated, and that the judgment be opened, and that a decree be rendered foreclosing the equity of redemption of the estate of Karnes, and that the premises be sold to pay the debt, costs, etc. The complaint was filed June 19, 1874. Demurrers were filed to the complaint by defendant Stephens, and by defendant Stephens as administrator. The Court below overruled the demurrers, and the defendants declining to answer, the Court rendered judgment by default. The defendants appealed.

The other facts are stated in the opinion.

*B. F. Myres,* for the Appellant, cited *Bell et al.* v. *Thompson,* 19 Cal. 706, and *Goodenow* v. *Ewer,* 16 Cal. 461.

*Jo Hamilton* and *Norton & Bullock,* for the Respondent.

By the Court, WALLACE, C. J.:

Intermediate the execution of the mortgage by Stephens and the commencement of proceedings for its foreclosure, Mrs. Karnes became the owner of the mortgaged premises by conveyance from the mortgagor. She was named as a party defendant in the complaint in foreclosure; but before the entry of the decree, she departed this life without having appeared or been served with process in the action. A decree was subsequently entered against the mortgagor only. The present action is brought by the plaintiff in the former action against Stephens, the mortgagor, and also against the personal representative of Mrs. Karnes, for the purpose of setting aside the former decree, and obtaining one foreclosing her interest in the mortgaged premises. A demurrer to the complaint, filed by the representative of Mrs. Karnes, was overruled, and the plaintiff obtained the decree he sought.

It is manifest, however, that, independent of the question of practice made at the argument and presently to be noticed, the complaint is insufficient to support the decree. There was certainly no reason for the second decree unless the first one was shown to be, in some respect, ineffectual to afford the relief claimed by the plaintiff. In preparing the complaint, it seems to have been assumed by the plaintiff's attorney that because Stephens had, subsequently to the execution of the mortgage, conveyed the mortgaged premises to Mrs. Karnes, and the latter, or her personal representative, after her decease, had not been impleaded, the foreclosure was necessarily ineffectual as against Mrs. Karnes or her estate. There is, accordingly, no averment to be found in the complaint to the effect that the conveyance from Stephens to Mrs. Karnes appeared on record in the proper office at the time of the commencement of the former action. If it did not, and was then a mere unrecorded con-

veyance, the proceedings in the former action are as conclusive against Mrs. Karnes or her estate, as if she, in her lifetime, or her personal representative, after her decease, had been made a party (Code Civil Pr. Sec. 726), and there would be no necessity for another decree.

But if this defect were obviated, we are of opinion that relief should have been sought by motion in the original action, and not by instituting a new action. (*Goodenow* v. *Ewer*, 16 Cal. R. 461.)

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.

Neither Mr. Justice CROCKETT nor Mr. Justice RHODES expressed an opinion.