[S. F. No. 1676.  In Bank. — November 2, 1901.]

P. FILIPINI et al., Trustees of Galileo Grove, U. A. O. D., Respondents, v. ANTONIO TROBOCK et al., Defendants. MARY TROBOCK, Appellant.

MORTGAGE — PRIOR UNRECORDED DEED TO ATTORNEY IN FACT — REPRESENTATION AS TO TITLE — ESTOPPEL. — One who executed a mortgage as attorney in fact for his grantor, from whom he held an unrecorded deed, and who represented to the mortgagee, who advanced money upon the faith of the mortgage, that his principal was the owner of the land mortgaged, is estopped from setting up title in himself, except in subordination to the mortgage; and the estoppel is equally binding upon his wife, who succeeded to his interest, as distributee of his estate.

ID. — RECORD OF DEED BY WIDOW — DISTRIBUTION OF ESTATE — FORECLOSURE OF MORTGAGE — STATUTE OF LIMITATIONS. — Where the widow of the deceased attorney in fact found the unrecorded deed among his papers, and recorded it, and subsequently received sole distribution of the land, the effect of the record of the deed and of the distribution to her is the same as if the deed had been executed to his estate when it was recorded; and her estoppel to deny that the mortgagee was the owner of the land at the date of the mortgage does not extend to the depriving her of the right, as a subsequent grantee, to plead the statute of limitations in an action to foreclose the mortgage. [McFarland, J., dissenting.]

ID. — PARTIES TO FORECLOSURE — RUNNING OF STATUTE — ABSENCE OF MORTGAGOR. — Where the deed to the deceased husband was recorded before the maturity of the note, such record made the widow, who was his sole devisee of the land mortgaged, a proper and necessary party to an action to foreclose the mortgage; and where more than four years elapsed after maturity of the note, and after distribution of the land to the widow, the action to foreclose the mortgage is barred as to her, notwithstanding the absence of the mortgagor from the state continuously after the maturity of the note.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

P. A. Bergerot, and Rodgers, Paterson & Slack, for Appellant.

There was no finding upon the material issue of the statute of limitations; and the record shows that the action was barred

as to the appellant, who had the right, as a grantee of the mortgaged premises, to plead the statute in her own behalf, without reference to whether the action was barred or not as to the mortgagors. (2 Wood on Limitations, sec. 224; *Lord* v. *Morris*, 18 Cal. 482, 490; *McCarthy* v. *White*, 21 Cal. 495, 501;[1] *Grattan* v. *Wiggins*, 23 Cal. 16, 25; *Coster* v. *Brown*, 23 Cal. 142, 143; *Lent* v. *Morrill*, 25 Cal. 492, 499; *Low* v. *Allen*, 26 Cal. 141, 144; *Lent* v. *Shear*, 26 Cal. 362, 369; *Barber* v. *Babel*, 36 Cal. 11, 20; *Wood* v. *Goodfellow*, 43 Cal. 185, 188; *Jeffers* v. *Cook*, 58 Cal. 147; *Watt* v. *Wright*, 66 Cal. 202; *Arthur* v. *Screven*, 39 S. C. 77; *Zoll* v. *Carnahan*, 83 Mo. 35; *Fowler* v. *Wood*, 78 Hun, 304.) The failure to record the deed simply made it an instrument of conveyance subject to the mortgage. (*Emeric* v. *Alvarado*, 90 Cal. 444, 471; *Jeffers* v. *Cook*, 58 Cal. 147.)

I. J. Truman, Jr., and J. E. Segur, for Respondents.

The unrecorded deed was fraudulent and void as to the mortgagee, by being concealed and kept off record. (Bump on Fraudulent Conveyances, 3d ed., p. 39; *Goldsby* v. *Johnson*, 82 Mo. 602; *Hildreth* v. *Sands*, 2 Johns. Ch. 35; *Beecher* v. *Clark*, 12 Blatchf. 266; *Blackman* v. *Preston*, 24 Ill. App. 237; *Scrivenor* v. *Scrivenor*, 7 B. Mon. 374.) Mary Trobock stands in the shoes of Nicolas Trobock, and is bound by the same estoppel as that which bound him. (*Tilton* v. *Nelson*, 27 Barb. 598.) The subsequent record of the deed was not sufficient notice to the prior mortgagee. (Wade on Notice, 2d ed., p. 203; Devlin on Deeds, sec. 716.)

BEATTY, C. J.—This is an appeal by Mary Trobock from an order denying her motion for a new trial. The order was affirmed by Department, upon the following statement and opinion:—

"Judgment was rendered by the lower court against the appellant, Mary Trobock, and her co-defendant, Antonio Trobock, for the foreclosure of a mortgage for two thousand dollars and interest, executed to the plaintiff by the latter. Mary Trobock appeals from an order denying her motion for new trial.

"1. The main question in the case is, whether the action was barred, as against her, by the statute of limitations. The facts bearing on this question, as they appear from the pleadings and findings, are as follows: The complaint was filed

[1] 82 Am. Dec. 754.

July 23, 1896.  The mortgage and note, which were payable three years after date, were executed December 8, 1886, in the name of Antonio, by Nicolas Trobock (husband of appellant), his attorney in fact, who represented to the plaintiff's trustee and attorney, and induced them to believe, that the money was borrowed for Antonio Trobock, and that he was the owner of the land mortgaged, and the title in fact so appeared from the records in the recorder's office, but in fact a deed had been made by Antonio to Nicolas Trobock in 1870, though never recorded, and the latter knew of this condition of the title. Nicolas died in 1889.  The unrecorded deed was found among his papers by his wife, the appellant, and recorded September 2, 1889, and in the year 1890 the land was distributed to her by the final decree of distribution.  The interest on the note and mortgage was paid by Nicolas during his lifetime, and afterwards, up to August 1, 1893, by the appellant.  Antonio Trobock has been absent from the state of California, and a resident of Ragusa, Austria, ever since the maturity of the note.

"The specific objection of the appellant is, that there is no finding as to appellant's plea that the action was barred by the provisions of section 337 of the Code of Civil Procedure. But I think the issue was disposed of by the finding of the specific facts, as stated above; and it was unnecessary to find expressly that the action was not barred by the provisions of the section of the statute relied on.

"The unrecorded deed from Antonio to Nicolas, held by the latter at the time of the mortgage, was void as to the mortgagee, the plaintiff in this case.  (Civ. Code, sec. 1214.)  The representations of Nicolas to the plaintiff's officers, to the effect that Antonio was the owner of the land mortgaged, was therefore, so far as the mortgage was concerned, in effect, true; and whatever title had accrued to him under the deed from Antonio became, by his own deliberate written act, subject to the mortgage.  He probably so understood the effect of the transaction; and in view of the presumptions that a person is innocent of wrong, and that he intends the ordinary consequence of his voluntary act, it is to be presumed that he so understood it.  (Code Civ. Proc., sec. 1963, subds. 1, 3.)  But however this may be, Nicolas was, at all events, estopped by his express declarations as to the ownership of the property from setting up title in himself, except in subordination to the mortgage.

(1 Herman on Estoppel, sec. 3; 2 Id., secs. 730 et seq., 736; Code Civ. Proc., sec. 1962, subd. 3; Civ. Code, sec. 1709); and the estoppel is equally binding on his wife, the appellant, who succeeded to his interest as a mere volunteer. (1 Herman on Estoppel, sec. 20; Bigelow on Estoppel, 512, 607, 608.) Mrs. Trobock stands, therefore, precisely in the position of her predecessor. She took the title subject to the mortgage, and is equally estopped to deny that Antonio was the owner, and that, in the absence of a conveyance by him, he continued to be the owner."

After the decision in Department affirming the order of the superior court upon the grounds stated in the foregoing opinion, a rehearing was granted, because it was thought that the doctrine announced in *Wood* v. *Goodfellow*, 43 Cal. 185, was infringed by that part of the opinion in which it was held that the plea of the statute of limitations was disposed of adversely to the appellant by the specific facts found by the superior court and stated in the opinion. The case having been resubmitted to the court in Bank, we are now to consider whether, upon the facts as found, the statute of limitations was a bar to the action against Mary Trobock.

There can be no doubt that she is estopped to deny that Antonio Trobock was the owner of the land at the date of the mortgage, and that her title is subject to the mortgage; but we think there can be as little doubt that after she had recorded the deed from Antonio to her deceased husband, her position as successor to her husband became, and continued to be, no better and no worse than if the deed had been made the day it was recorded. By recording the deed she gave the same notice to the mortgagee of her rights that would have been given by the record of a deed of that date to her, or to any other person, and whatever rights accrue to any purchaser of mortgaged premises by the recording of his deed accrued to her. The estoppel raised by the representations of her deceased husband could only operate to protect the mortgagee from the consequences of the step it was induced to take by its belief in the truth of those representations. The only fact represented to the mortgagee was, that Antonio was the owner of the land and that his mortgage would bind it. Upon that representation the respondent made the loan and accepted the mortgage as security. To allow Nicolas or his successor now to set up a title under the deed of 1870, superior to the mortgage, would

be to sanction a gross fraud, but nothing of the sort is attempted by the appellant. She concedes that her ownership of the land is subject to the mortgage, and only asserts the rights, whatever they are, of a subsequent grantee.

These are the rights which are denied her by the decree of the superior court, and the effect of the decree is to extend the estoppel to matters in no way involved in any representation made by Nicolas, and to protect the mortgagee against acts and omissions to which no prudent or reasonable man would have been induced by the belief that Antonio was the owner of the land at the date of the mortgage. To raise an estoppel, the representation must be such as would induce a reasonable person to act upon it, and it is only binding to the extent that it has been acted upon. Here was a representation which it is conceded was sufficient to induce a reasonable person to accept the mortgage as security, and it was so accepted; but was there anything said or done which could excuse the mortgagee for waiting seven years after the maturity of the note and the record of a conveyance from his mortgagor before commencing his action to foreclose? A mortgagee is bound to know that his mortgagor may convey the premises subject to his mortgage; and if the record of a subsequent conveyance will set the statute of limitations running in favor of the grantee, we cannot perceive any reason why the appellant may not avail herself of its bar. As a matter of the commonest business prudence, the respondent was bound to inform itself as to any recorded deed from Antonio Trobock, and the same care that would have enabled it to discover a subsequent conveyance would have revealed the existence of the conveyance under which appellant claims. If, therefore, the record of her deed made her a necessary or proper party to this action,— as it unquestionably did,— the right of action as to her accrued at the maturity of the note in December, 1889, and at that date the statute of limitations was set in motion in her favor, notwithstanding the absence of Antonio Trobock from the state. This is the clear result of the decision in *Wood* v. *Goodfellow*, 43 Cal. 185. In its facts, that case differed in some particulars from this case; the plea of the statute was interposed by a *subsequent* grantee, but, as we have endeavored to show, that fact is of no consequence, and the first mortgagee in that case had actual notice of the subsequent liens more than five years prior to the

commencement of the foreclosure suit, but the fact of actual notice was wholly irrelevant to the point decided. The doctrine of the case is contained in the following extract from Judge Crockett's opinion: "When the mortgagor has parted with his title to the property, and ceased to have any interest therein, those who have succeeded to his rights stand in the same relation to the mortgagee as if they had originally made the mortgage on their own property to secure the debt of the mortgagor. The mortgagor has no interest in the property, nor are they under obligation to pay his debt. Their property, however, is bound as collateral security for its payment, under the mortgage, which is a contract in writing, by which the property is pledged as a security for the debt. The mortgage, in such a case, has the same effect in law as if it had been originally made as a separate instrument by the parties succeeding to the rights of the mortgagor to secure his debt. If A make a mortgage on his own property to B, to secure a debt owing from C, the action to foreclose the mortgage must be brought within four years from the time when the debt became due. The time could not be prolonged by any stipulation between B and C to which A was not privy. But when the four years were about to expire, could C, under our law, indefinitely postpone the bar of the statute, and render it nugatory as to A, by absenting himself from the state and never returning? The argument of the plaintiff's counsel necessarily leads to this result. But we have not heretofore so interpreted the statute. On the contrary, we have uniformly held in analogous cases that the mortgage, as contradistinguished from the mortgage debt, in such cases is to be deemed a contract in writing, in the sense of the statute, on which the action must be brought within four years from the time when the action would lie, in order to avoid the bar of the statute. If we had any doubt, on reason or authority, whether the rule is proper, it has been too long established in this state to be now disturbed."

The deed under which the appellant claims was recorded before the maturity of the note, and it is the record of such a deed, not actual notice, which determines the right of the grantee to be made a party to the foreclosure in order to be bound by the decree. (Code Civ. Proc., sec. 726.) The appellant, therefore, was a proper party to this action nearly seven years before it was commenced, and as to her, on the

facts found by the superior court, it was barred by section 337 of the Code of Civil Procedure.

The order denying her motion for a new trial is reversed.

Van Dyke, J., Temple, J., and Harrison, J., concurred.

McFARLAND, J., dissenting.—I am not able to concur. In my judgment, the order denying the new trial should be affirmed, upon the opinion delivered in Department. I do not think that the old deed from Antonio to Nicolas can be considered at all; the appellant is estopped from setting up any claim under it. The representation that Antonio owned the property at the date of the mortgage — upon which representation respondent loaned its money and took his mortgage as security — forever estopped Nicolas and his privy, the appellant, from asserting that Antonio had prior to that time conveyed the property to Nicolas. The recording of the prior deed to Nicolas, many years after its execution, gave it no life as against the estoppel; and I see no ground for holding that it was, by its recordation, legally transmuted into a new deed. It was not in fact a new deed; it always was, and is now, the identical deed which appellant is estopped from asserting. Whether or not Nicolas or appellant could have procured another deed from Antonio after the mortgage does not appear; the fact is, that he did not make such a deed, and appellant is compelled to rely on the old one, in the face of the said representation made at the time of the mortgage.

The foregoing view makes it unnecessary to consider the question whether the recordation of a subsequent deed by a mortgagor to a third person, who is a *bona fide* purchaser, gives constructive notice to a prior mortgagee from the date of such recordation. In *Wood* v. *Goodfellow*, 43 Cal. 185, — the case mainly relied on by appellant, — there was actual notice, and I have seen no cases where it was held — the question being raised — that the recording of a subsequent deed or mortgage was constructive notice to a prior mortgagee. The general rule is, of course, that the recording is notice only "to subsequent purchasers and mortgagees." (Civ. Code, sec. 1213.) But in the case at bar there is no question as to the rights of a *bona fide* subsequent grantee or mortgagee for a valuable consideration and free from fraudulent representa-

tions. Here, Nicolas represented, and is estopped from denying, that Antonio owned the property at the date of the mortgage, and that Nicolas did not own it; and it seems to me unwarrantable to hold that, *as against Nicolas himself*, the respondent was bound to keep constant watch of the public records to see if the representations of Nicolas, upon which he had the right to rely, were true. And if he had examined the records, he would have merely found a deed which Nicolas had at the very time he represented that he had no such deed. Would that discovery have changed the legal phase of the case in any way whatever?