[S. F. No. 3110.   Department Two.—December 12, 1904.]

## V. A. HAGER, Respondent, *v.* A. ASTORG, M. ASTORG et al., Defendants; A. ASTORG, Appellant.

EJECTMENT—TITLE UNDER FORECLOSURE—PARTIES—HOLDER OF UNRE-
CORDED DEED—CONCLUSIVENESS OF DECREE—EVIDENCE—KNOWLEDGE
OF DEED.—In an action of ejectment to recover land sold to the
plaintiff as mortgagee under a decree for the foreclosure of the
mortgage, a defendant who was the holder of an unrecorded deed
from the mortgagor when the foreclosure suit was commenced need
not have been made a party thereto, and is concluded by the decree;
and evidence is inadmissible on his behalf to show that the plain-
tiff had actual knowledge of the unrecorded deed before such suit
was commenced.

ID.—INSUFFICIENT DEFENSE—EXECUTED TRUST.—The court also prop-
erly excluded evidence of an insufficient defense by the holder of
the unrecorded deed, to the effect that the plaintiff knew when
the mortgage was executed that the mortgagee held the legal title
in trust for him, it further appearing from the answer that the trust
had been executed and terminated by the unrecorded deed about
two years before the foreclosure of the mortgage.

ID.—OTHER DEFENSES—ADJUDICATION BY DECREE—INADMISSIBLE EVI-
DENCE.—Defenses that the foreclosure suit was prematurely brought
before the debt was due, and that the amount of interest claimed
was not due, and that the mortgagee had agreed to release the
holder of the unrecorded deed, and to look to the mortgagor alone,
were necessarily adjudicated by the decree of foreclosure, and evi-
dence was properly excluded in proof thereof.

ID.—ORDER OF SALE—ABSENCE OF SEAL—CERTIFIED COPY OF DECREE—
AUTHORITY TO SHERIFF—COLLATERAL ATTACK.—An order of sale
issued under the signature of the clerk, without a seal attached
thereto, but which embodies a certified copy of the decree of fore-
closure, certified under the seal of the court, is not void, and is at
most erroneous and amendable, and cannot be attacked collaterally.
Such order was sufficient authority to the sheriff to sell and convey
the mortgaged premises as against persons concluded by the decree,
and cannot be assailed in an action of ejectment by one so con-
cluded.

APPEAL from a judgment of the Superior Court of Lake
County and from an order denying a new trial.   R. W.
Crump, Judge.

The facts are stated in the opinion of the court.

T. J. Sheridan, and George D. Shadburne, for Appellant.

H. V. Keeling, and Henry H. Reid, for Respondent.

LORIGAN, J.—This is an action in ejectment to recover a tract of land in Lake County, to which plaintiff obtained a sheriff's deed, under a sale upon foreclosure of a mortgage, executed to her by the defendant M. Astorg.

Judgment was entered in favor of plaintiff against all the defendants, but the defendant A. Astorg alone appeals, and does so both from the judgment and an order denying his motion for a new trial.

The main point on this appeal arises under the following facts: On April 27, 1898, the defendant M. Astorg executed the mortgage above referred to, to the plaintiff, who immediately had it recorded; subsequent to such recordation, and on June 2, 1898, said M. Astorg deeded the mortgaged premises to the appellant A. Astorg; on January 12, 1900, the plaintiff commenced an action to foreclose the mortgage, making of these parties M. Astorg alone a defendant; when the foreclosure proceedings were commenced, the conveyance from M. Astorg to A. Astorg had not been recorded, and was not recorded until after the decree of foreclosure had been entered. Appellant set up these facts in his answer, and further averred that plaintiff, at the time she commenced her action of foreclosure, knew that the conveyance of the premises had been made by M. Astorg to him, and that he was then sole owner, but that she failed to make him a party defendant in the foreclosure proceedings.

Upon the trial appellant sought to make proof of this knowledge of plaintiff of the existence of the conveyance to him when she filed her complaint to foreclose, but on objection of the respondent the court decided that this evidence was inadmissible, and whether the ruling of the court was correct or not is the important question to be now determined.

The lower court was undoubtedly of the opinion that, as the conveyance to the appellant was not recorded when the foreclosure proceedings were commenced, it was immaterial whether plaintiff had actual knowledge of its existence or not; that she was required to make those persons defendants only whose conveyances appeared of record at the time she insti-

tuted her foreclosure suit. We are satisfied that this view was correct under the code and the authorities.

It is provided by section 726 of the Code of Civil Procedure that, "No person holding a conveyance from or under the mortgagor of the property mortgaged, . . . which conveyance . . . does not appear of record in the proper office at the time of the commencement of the action, need be made a party to such action, and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance . . . as if he had been a party to the action."

The language of this section is not open to construction. It plainly declares that it is unnecessary to make any person a party to an action of foreclosure whose conveyance from the mortgagor, subsequent to the mortgage, is unrecorded at the time the action is commenced, while, at the same time, it binds such person by the decree in the action as conclusively as though he had in fact been made a party to the suit. The element of actual knowledge of the existence of such conveyance, in the absence of its recordation, is not within the terms of the section. The presence, or absence, of the subsequent conveyance upon the record in the proper office when the action is commenced is the exclusive test as to whether the holder thereof need or need not be made a party defendant, so as to bind him by the foreclosure decree. This is the only test in foreclosure proceedings which the law furnishes, and, under the section above quoted, it is not necessary to make such holder of an unrecorded conveyance a party defendant, even though the mortgagor may have actual knowledge of the existence of such conveyance when the foreclosure suit is commenced. He need only look to the appropriate records, and make parties to the action those alone whose subsequent conveyances appear thereon.

This section, above quoted, was under consideration in the case of *Aldrich* v. *Stephens*, 49 Cal. 678, and this was the view there taken of the meaning of its provisions, and that decision has since remained undisturbed. (See, also, Hawes on Parties to Actions, sec. 7.)

It necessarily follows from these considerations that the court properly excluded all evidence attempted to be offered as to knowledge upon the part of plaintiff, when she brought

her action to foreclose, of the existence of the unrecorded subsequent conveyance to appellant.

Appellant further averred in his answer, that at the time the mortgage was made by M. Astorg the plaintiff knew, and that it was the fact, that the said M. Astorg held the legal title to the premises in trust for appellant, and he sought on the trial to prove these facts, under a contention that as beneficiary under the trust, and as the real party in interest, it was necessary for the plaintiff to make him a party defendant in the foreclosure suit, in order to bind him by the decree, and complains, on this appeal, because he was not permitted to introduce evidence to show these facts. Without discussing the legal aspect of this proposition, it is sufficient to say that other averments in appellant's answer show that the trust he claimed existed had been terminated almost two years before the foreclosure suit was begun, by a conveyance from the trustee, M. Astorg, to himself of such legal title, so that, when the suit to foreclose was commenced, appellant was not a beneficiary under any trust, but was the holder of a legal title by an unrecorded conveyance thereof, and for that reason, as far as the necessity for making him a party, came within the provisions of section 726 above cited.

Additional points are made by appellant in his brief, concerning the action of the lower court in precluding him from proving other alleged defenses, by sustaining objections of respondent to inquiries directed to that end. These defenses were that the foreclosure suit had been prematurely brought, because the note sued on was not then due; also involving some question as to the amount of interest due at that time, and a claim that plaintiff had agreed to release M. Astorg from all liability on the note and under the mortgage, and to hold the appellant solely responsible therefor. But these were all matters which were involved in the foreclosure suit, —who was liable upon the note, and in what amount, and whether the note was due so as to authorize the foreclosure of the mortgage given to secure its payment,—and these matters were necessarily adjudicated by the decree of foreclosure, and hence were not thereafter open to question by the appellant, who, by the section of the Code of Civil Procedure above. cited, was conclusively bound by that decree.

There is but one further point in the case requiring con-

sideration. In proving her title to the premises in dispute, the plaintiff introduced in evidence the judgment-roll in the foreclosure proceedings, together with the order of sale, return thereon, and the sheriff's deed of the land. The order of sale, while properly signed by the clerk, did not have attached to it the seal of the court, and appellant objected to its introduction in evidence on that account. The court admitted it, and this is assigned as error. · It appears that this order of sale, properly signed by the clerk, but without the seal of the court attached, was delivered to the sheriff, and under it the sale was made. The order itself contained a complete copy of the decree of foreclosure, duly certified to by the clerk, with his signature and the seal of the court attached.

The direction in the order of sale itself, in the case at bar, which is not attacked save for want of a seal, consists of a direction to the sheriff to sell the property as provided by law, apply the proceeds of the sale to the satisfaction of the judgment, and to do all things according to the terms and requirements of the judgment and the provisions of the statute. But all these directions are equally provided for in the certified copy of the decree itself which is incorporated in the order of sale, so that the recitals in the order aside from the decree amount to nothing more than a reiteration of the provisions of that decree.

The contention of the appellant, as we gather it (because he makes this point by way of *addenda* to his brief with a reference to some authorities, but without discussing the matter), is, that the validity of this order of sale is to be governed by the requirements of section 682 of the Code of Civil Procedure relative to writs of execution. That section provides that such writs shall, among other things, be sealed with the seal of the court. Appellant contends that the failure to place the seal of the court on the order of sale rendered it void, and as bearing upon this point he cites from the decisions of this court the case of *O'Donnell* v. *Merguire*, 131 Cal. 527.[1] But that case did not involve the question of the absence of a seal, but the failure of the clerk to authenticate the writ with his official signature, which failure, it was held, rendered the execution void.

Whether the absence of a seal would have the like effect,

[1] 82 Am. St. Rep. 389.

upon the validity of a writ of execution, as the failure of the
clerk to attach his official signature thereto, we are not called
on to determine, because we are satisfied that, as far as its
absence from an order of sale is concerned, it would only ren-
der the process erroneous. Aside from this, it may well be
questioned whether the power of the sheriff to sell under a
foreclosure decree is to be tested by the same rule which gov-
erns his power under a writ of execution issued upon a money
judgment, as was the case in *O'Donnell* v. *Merguire,* as ap-
pears from a recital of the facts in *Merguire* v. *O'Donnell,*
139 Cal. 7.[1] Upon a money judgment it is, of course, clear
that there can be nothing in the terms of the judgment au-
thorizing a sale of property to satisfy it, and the only author-
ity which the sheriff can obtain to do so must be by virtue of
a valid writ of execution issued by the clerk and placed in
his hands for that purpose. His authority to sell can be
derived solely under the writ. His authority to sell under a
foreclosure proceeding is, however, derived from the decree,
and the specific directions to sell which it contains.

As was said in *Spaulding* v. *Howard,* 121 Cal. 197, in dis-
cussing this subject: "The sheriff, under the Code of Civil
Procedure, proceeds with the sale by virtue of the decree and
such direction as the court may give. (Code Civ. Proc., sec.
726.) The proceedings follow by analogy sales upon execu-
tion, but not necessarily so. The power to sell comes from the
statute and the decree."

But, be this as it may, we are satisfied that, as to an order
of sale issued under a decree of foreclosure, the omission of
the seal of the court therefrom renders the process erroneous
merely, and this view is supported by the case of *Newmark*
v. *Chapman,* 53 Cal. 559. In that case, the only process under
which the sheriff made the sale was a certified copy of the
decree of foreclosure, and, hence, there was involved in that
case a more serious question as to the validity of the sale than
is presented here. In the case cited there was no order of sale
at all; in the case at bar there was a defective one. In *New-
mark* v. *Chapman,* the court, while holding that the process
under which the sale was made, though erroneous, was not void,
said: "The process under which the mortgaged property was
sold was only a copy of the judgment issued and attested by

[1] 96 Am. St. Rep. 91.

the clerk. It did not conform to sections 682 and 684 of the Code of Civil Procedure, as it did not purport to have been issued in the name of the people, nor was it directed to the sheriff, nor did it direct him to execute the judgment. . . . The process was erroneous; but was it, for the defects above mentioned, void? The judgment itself directed the sheriff to do all that process, issued in the most formal and regular manner, could have directed him to do. If the process was amendable by supplying the above-mentioned defects, it was not void; for void process cannot be amended, and if it was amendable, it will be treated, in this proceeding, as having been amended—that is to say, it cannot be attacked collaterally.''

If, then, in the case cited, the process under which the sale was made, consisting solely of a certified copy of the decree, was erroneous merely, as the court there held, in the case at bar there is less ground upon which to base a claim that the process here involved was void, because not only was this sale made under a certified copy of the decree of foreclosure, but also under an order of sale, which, at most, was defective in matter of form.

We are satisfied from an application of the above authority, alone, that the process under which the sale in question here was made was not void, but merely erroneous, and that, as to the appellant, who was bound by the decree in the foreclosure suit, as declared by section 726 of the Code of Civil Procedure, and who is now in this proceeding collaterally attacking the sale made under it, the process under which sale was had was sufficient authority to the sheriff to sell and convey the premises mortgaged.

The judgment and order appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.