[L. A. No. 3318.   Department Two.—September 25, 1914.]

REDONDO IMPROVEMENT COMPANY (a Corporation), Respondent, v. CATHARYN O'SHAUGHNESSY, Defendant, and IDA B. MORELAND, Defendant and Appellant.

MORTGAGE—STATUTE OF LIMITATIONS—EFFECT OF ABSENCE OF MORTGAGOR FROM STATE.—The running of the statute of limitations in favor of a subsequent grantee of mortgaged premises is not suspended by absence from the state or by any other act of the original owner or mortgagor.

ID.—ABSENCE OF GRANTEE OF MORTGAGOR FROM STATE.—Where, however, the subsequent grantee of the absent mortgagor also was and remained absent from the state, the running of the statute is suspended in favor of the mortgagee, during the time of such grantee's absence, and the mortgagee's right of foreclosure would not be barred if, after the lifting of the suspension, the action was timely brought.

ID.—PRIORITIES—BONA FIDE MORTGAGEE—SUBSEQUENT MORTGAGE FIRST RECORDED—ACTUAL NOTICE.—Under section 1214 of the Civil Code, unless a prior deed of land which is subsequently mortgaged is first recorded, it is void as against the mortgagee in good faith and for a valuable consideration, whose mortgage is first duly recorded.

If the mortgagee has actual notice of the prior conveyance he cannot be such a mortgagee in good faith.

ID.—RUNNING OF STATUTE AGAINST SUBSEQUENT MORTGAGE FIRST RECORDED.—The statute of limitations cannot begin to run in favor of one claiming under an unrecorded conveyance as against a mortgage given subsequent to the execution and delivery of the conveyance, for a valuable consideration, which is first duly recorded, in the absence of actual notice of such conveyance to the holder of the mortgage, until such conveyance is recorded.

ID.—RIGHTS OF SUBSEQUENT GRANTEE AGAINST PRIOR MORTGAGEE ACCRUE ONLY FROM RECORDATION.—Where, however, the grantee is not a prior grantee, and therefore as to him no question can arise of the good faith of the mortgagee in accepting his mortgage, the rights of such a subsequent grantee as against the mortgagee arise only from the recordation which the law prescribes. It never arises from mere notice.

ID.—FORECLOSURE—PARTIES DEFENDANT.—The presence or absence of the subsequent conveyance upon the record in the proper office when the foreclosure action is commenced is the exclusive test as to whether the holder thereof need or need not be made a party defendant, so as to bind him by the foreclosure decree.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Lucius M. Fall, for Appellant.

Gibson, Dunn & Crutcher, and Edward E. Bacon, for Respondent.

HENSHAW, J.—This is an action to foreclose a mortgage. Defendant O'Shaughnessy, mortgagor and former owner of the property, executed her note and mortgage in 1904. The debt matured three years thereafter. In 1905 she sold and conveyed the mortgaged property to Ellen O'Brien, who afterwards conveyed it to Alice B. Sullivan. She in turn conveyed it to George L. Mullen, and he in turn to Ida B. Moreland, defendant and appellant. Ellen O'Brien held record title to the property only from the twenty-fifth day of July, 1905, to the first day of August, 1905, when her conveyance to Alice B. Sullivan was recorded. It is stipulated by the parties that the original owner and mortgagor, O'Shaughnessy, and her grantee by mesne conveyance, Alice

B. Sullivan, were and remained continuously out of the state of California. Alice B. Sullivan made her conveyance to George L. Mullen by deed of quitclaim on the second day of March, 1911. This deed was recorded upon the ninth day of October, 1911. On that same day George L. Mullen's quitclaim deed to defendant and appellant, Ida B. Moreland, was recorded. This action was commenced on October 14, 1911, within a few days after the recordation of the deed from Alice B. Sullivan to George L. Mullen and his quitclaim deed to appellant Moreland. It was, however, commenced more than four years after the maturity of the note and mortgage. Judgment passed for plaintiff.

Ida B. Moreland, the present holder of the record title, appeals, urging that the judgment is erroneous in that the running of the statute of limitations in favor of a subsequent grantee of mortgaged premises is not suspended by absence from the state or by any other act of the original owner or mortgagor. This principle is well established. (*Lord* v. *Morris,* 18 Cal. 483; *McCarthy* v. *White,* 21 Cal. 496, [82 Am. Dec. 754]; *Grattan* v. *Wiggins,* 23 Cal. 16, 25; *Lent* v. *Morrill,* 25 Cal. 499; *Barber* v. *Babel,* 36 Cal. 11; *Wood* v. *Goodfellow,* 43 Cal. 185; *California Bank* v. *Brooks,* 126 Cal. 198, [59 Pac. 302]; *Filipini* v. *Trobock,* 134 Cal. 441, [66 Pac. 587]; *Brandenstein* v. *Johnson,* 140 Cal. 31, [73 Pac. 744].) Respondent does not question it, but points out its inapplicability to the facts in the case at bar, the vital difference being that it is not asserted here that the running of the statute of limitations is suspended because of the act or absence of the mortgagor after she had parted with title, but because, in turn, her grantee, Alice B. Sullivan herself was and remained out of the state of California. Consequently during the time of such absence, the running of the statute was suspended in plaintiff's favor and its right of foreclosure could not be barred if, as here, after the lifting of the suspension, the action was timely brought. In brief, up to 1911 the only two persons necessary and proper parties defendant in the action to foreclose were both out of the state. Their absence worked a suspension of the running of the statute of limitations against plaintiff's right of action. (Code Civ. Proc., sec. 351.) Respondent's position is well taken.

Appellant contends that from a different source she has become the owner of this property, freed from the mortgage

lien. This source, as set up in her answer is the following: She asserts that in 1907 one John F. Sullivan was the owner of the mortgaged property; that in February of that year, under execution sale on a judgment secured by her against John F. Sullivan, she received a sheriff's deed to the property. It is not contended that John F. Sullivan had any record title to the property. Indeed it is conceded that he never did have such a record title. But appellant sought to introduce evidence showing that she was in fact such owner and that plaintiff had knowledge of her claim of interest in the land growing out of this sheriff's deed prior to the maturity of the note. This evidence was excluded by the court and it is here argued was erroneously excluded. Respondent's position is that as Sullivan never held any record title, the sheriff's deed of his interest to Ida B. Moreland and her recordation of that deed could not affect the rights of the mortgagee under his mortgage, appellant's contrary position being that the mortgagee would be bound by actual notice that she claimed ownership under the sheriff's deed.

Appellant, however, confuses the application of the doctrine of notice in fact with the doctrine of constructive notice by recordation. Her reliance upon the language of *Filipini* v. *Trobock*, 134 Cal. 441, [66 Pac. 587], is misplaced. In that case this court was dealing with the effect of a deed made *prior* to the making of the mortgage but recorded thereafter. The rights of a mortgagee in such a case are defined by section 1214 of the Civil Code. Unless such a prior conveyance is first recorded, it is void as against a mortgagee "in good faith and for a valuable consideration, whose conveyance is first duly recorded." But one cannot be such a mortgagee in good faith if he has actual notice of the prior conveyance. So when it is said in *Filipini* v. *Trobock:* "The deed under which the appellant claims was recorded before the maturity of the note, and it is the record of such a deed, and not actual notice, which determines the right of the grantee to be made a party to the foreclosure in order to be bound by the decree," the court is there dealing only with the right of a grantee to be made a party to the action of foreclosure, and is simply declaring that this right depends upon the recordation of the instrument and not upon actual notice of its existence, as declared in section 726 of the Code of Civil Procedure. It is not referring to any actual notice given to a prospective mort-

gagee by virtue of which actual notice he could not successfully assert that he was a mortgagee in good faith with a mortgage claim superior to that of the grantee who had served upon him actual notice. So in *Hibernia Savings & Loan Society* v. *Farnham*, 153 Cal. 578, [126 Am. St. Rep. 129, 96 Pac. 9], the same question was involved of the right against the mortgagee of a prior grantee of the mortgaged property. And, having reference to the position of the plaintiff as an innocent encumbrancer in good faith, it is there said: "The opinion in this case clearly indicates the conclusion compelled by the express terms of section 1214 of the Civil Code, viz., that the statute of limitations cannot begin to run in favor of one claiming under an unrecorded conveyance as against a mortgage given subsequent to the execution and delivery of the conveyance, for a valuable consideration, which is first duly recorded, in the absence of actual notice of such conveyance to the holder of the mortgage, until such conveyance is recorded." Where, however, as in this case, the grantee is not a prior grantee, and therefore as to him no question can arise of the good faith of the mortgagee in accepting his mortgage, the rights of such a subsequent grantee as against the mortgagee arise only from the recordation which our law prescribes. It never arises from mere notice. On this, the language of this court in *Hager* v. *Astorg*, 145 Cal. 548, [104 Am. St. Rep. 68, 79 Pac. 68], is conclusive: "The presence or absence of the subsequent conveyance upon the record in the proper office when the action is commenced is the exclusive test as to whether the holder thereof need or need not be made a party defendant, so as to bind him by the foreclosure decree."

It was not error therefore for the court to reject this offered evidence touching some unrecorded deed which some one saw in the hands of John F. Sullivan, nor evidence that appellant claimed some interest in the property through and by virtue of such unrecorded instrument, and that plaintiff knew it. Under these circumstances, of course, against this respondent the sheriff's deed to appellant conveyed nothing.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.