[Civ. No. 2780. Fourth Dist. Aug. 22, 1941.]

HAROLD J. JOHNSON, as Administrator, etc., Appellant, v. HOME OWNERS' LOAN CORPORATION (a Corporation) et al., Respondents.

G. Roy Garnett for Appellant.

J. V. McDermott and Ewell D. Moore for Respondents.

GRIFFIN, J.—On April 5, 1934, Louis Johnson delivered a real estate mortgage to respondent Home Owners' Loan Corporation (for brevity hereinafter called H. O. L. C.) in the sum of $1521.44. On April 13, 1935, Louis Johnson executed a grant deed covering the same real estate to the Angeles Indemnity Corporation (hereinafter called A. I. C.) for the purpose of securing a bail bond. The grant deed, although intended between the parties to be a mortgage, was absolute on its face, and thereafter was recorded in the office of the county recorder of Los Angeles County prior to the commencement of the foreclosure action. On December 19, 1936, Louis Johnson died intestate while in possession of the property, and his heirs, succeeding to his estate, continued in possession. This fact, as well as the fact that the deed was intended as a mortgage, were alleged as being at all times known to H. O. L. C. On April 16, 1938, respondent H. O. L. C. commenced a foreclosure action in the Superior Court of Los Angeles County against the Angeles Indemnity Corporation as record owner of the real estate and Samuel L. Carpenter, Jr., Insurance Commissioner of the State of Cali-

fornia, as liquidator for A. I. C. in liquidation. Neither appellant nor Louis Johnson's heirs were made parties to that action. Carpenter, for himself alone, filed a disclaimer, and A. I. C. defaulted. The decree of foreclosure was entered May 18, 1938, and the real estate was sold to respondent H. O. L. C. at the commissioner's sale on June 27, 1938. On June 30, 1939, respondent H. O. L. C. received a commissioner's deed. June 20, 1939, letters of administration were issued to appellant. June 21, 1939, A. I. C. reconveyed the property to appellant. On the 27th day of June, 1939, this action was commenced to set aside the foreclosure decree and sale thereunder, alleging the above facts.

Appellant contends that the proceedings in the foreclosure suit were absolutely void as to Johnson or his heirs, and they have an absolute legal right, as well as their constitutional right, to insist upon a legal foreclosure against them before their right of redemption can be cut off.

Respondent argues that as the conveyance to the A. I. C. was in the form of a grant deed and any claimed defeasance or interest of appellant in the property was not recorded when the foreclosure proceedings were commenced, it was immaterial whether respondent had actual notice of the grantor's claimed interest or not; and that plaintiff in the foreclosure action was required to make those persons defendants only whose conveyances or interests appeared of record at the time it instituted its foreclosure suit.

The general rule is well established in this state that a mortgagor who has not disposed of his interest in the mortgaged premises is a necessary party to a suit for foreclosure and sale, even though no personal claim be asserted against him; but if he has transferred his interest in the property to others and has no interest in or lien or claim upon the property or demand secured, as where he has absolutely and without warranty sold his interest in the premises, he is a proper, but not a necessary, party, unless the mortgagee wishes a decree over against him for the residue. (*Hutchison* v. *Barr,* 183 Cal. 182 [190 Pac. 799] ; 18 Cal. Jur., sec. 605, p. 334.)

A grantee of a mortgagor stands in the mortgagor's shoes. A grantee whose deed is duly recorded is a necessary party, that is, he must be made a party to the suit in order to affect his interest, even though he takes subject to the mortgage. Without his presence as party defendant to the action,

a decree of foreclosure of the lien by a sale of his property would be a nullity. (*Jeffers* v. *Cook*, 58 Cal. 147; *Tulare County Bank* v. *Madden*, 109 Cal. 312 [41 Pac. 1092]; *Filipini* v. *Trobock*, 134 Cal. 441 [62 Pac. 1066, 66 Pac. 587]; *Fratessa* v. *Roffy*, 40 Cal. App. 179 [180 Pac. 830]; 18 Cal. Jur., sec. 608, p. 337.) ▮ In the foreclosure proceeding here involved, the mortgagee did not seek a deficiency judgment against the mortgagor. Under the above rule, the mortgagor in the instant action was not a necessary party to the foreclosure action unless he retained some interest in or lien or claim upon the property or demand secured and the mortgagee had actual notice thereof.

Appellant alleges that the grant deed to A. I. C. "was in fact only a mortgage, and was intended by both the mortgagor and the grantee therein to be only a mortgage and to stand only as security for said bail bond, and the grantee therein never took possession of said real property, but the grantor therein, Louis Johnson, and his heirs, remained in the continuous possession of said real property, and the defendant, Home Owners' Loan Corporation, had *actual knowledge thereof at all times.*" (Italics ours.)

It seems to us that section 2950 of the Civil Code clearly disposes of the remaining question. It provides: "When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees, *or persons having actual notice,* unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the county recorder of the county where the property is situated." (Italics ours.) As will be noticed from this section, the grant may be defeated or affected as against the grantee, his heirs, or devisees, *or persons having actual notice.* Appellant alleges that respondent "had actual notice." Whether appellant can establish such actual notice cannot be determined at this time as the allegation is deemed to be true for the purpose of testing the ruling on the demurrer. (*Favorite* v. *Superior Court of Riverside County*, 181 Cal. 261 [184 Pac. 15, 8 A. L. R. 290].)

Respondent, however, claims that the facts in the instant case bring it within the provisions of section 726 of the Code of Civil Procedure, subdivision 4, which provides: "No per-

son holding a conveyance from or under the mortgagor of the property mortgaged, . . . which conveyance . . . does not appear of record in the proper office at the time of the commencement of the action need be made a party to such action, and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance . . . as if he had been a party to the action." He cites *Hager* v. *Astorg,* 145 Cal. 548 [79 Pac. 68, 104 Am. St. Rep. 68]; *Hawley* v. *State Assurance Co.,* 182 Cal. 111 [187 Pac. 1]; *Shurtleff* v. *Kehrer,* 163 Cal. 24 [124 Pac. 724]; *Filipini* v. *Trobock, supra*; *Redondo Improvement Co.* v. *O'Shaughnessy,* 168 Cal. 323 [143 Pac. 538]; and *Aldrich* v. *Stephens,* 49 Cal. 676.

As pointed out by appellant, we are not here dealing with a person holding a conveyance *from* or *under* the mortgagor, which conveyance is *not* of record. The grant deed in the instant case was duly recorded. The facts in the cases cited are quite different from the facts of the case at bar. The Hager case deals with an unrecorded deed and comes within section 726 of the Code of Civil Procedure. In the Hawley case the grantor and grantee were both made parties to the action. No question of actual notice of any trust or defeasance was alleged. The Shurtleff case supports the conclusion here reached. It held that Bracken, a grantee, was not the holder of title under an unrecorded deed. He held title under a deed duly recorded but recorded prior to the beginning of the action. The court there held that section 726 of the Code of Civil Procedure had no application. The Filipini case merely held that the recordation of the deed after the maturity of the note made the grantee thereof a proper and necessary party. The main question decided in the Redondo Improvement Company case was that the presence or absence of the subsequent conveyance upon the record, when the foreclosure action was commenced, was the test whether the grantee need or need not be made a party defendant. In the Aldrich case the court assumed the grant deed to be unrecorded. The cases cited, therefore, do not support respondents' contention. We do not believe the facts in the instant case come within the provisions of section 726 of the Code of Civil Procedure. Therefore section 2950 of the Civil Code applies.

The judgment is reversed with directions to the trial court to overrule the demurrer and allow respondents a reasonable time within which to answer.

Barnard, P. J., and Mundo, J., *pro tem.*, concurred.