[Civ. No. 26370. First Dist., Div. One. Sept. 18, 1970.]

JAMES SLAUGHTER, JR., et al., Plaintiffs and Respondents, v.
HAROLD B. EDWARDS, Defendant and Appellant;
MILTON G. GORDON, as Real Estate Commissioner, etc.,
Objector and Respondent.

**COUNSEL**

Harold B. Edwards, in pro. per., for Defendant and Appellant.

Kilpatrick, Peterson & Ely, J. Clinton Peterson and Dwight C. Ely for Plaintiffs and Respondents.

Thomas C. Lynch, Attorney General, Charles A. O'Brien, Chief Deputy Attorney General, Herbert E. Wenig, Assistant Attorney General, and David E. Bunim, Deputy Attorney General, for Objector and Respondent.

## Opinion

**MOLINARI, P. J.**—Defendant appeals from an order granting plaintiffs' application for an order directing payment of a prior judgment for compensatory damages against defendant out of the Real Estate Education, Research and Recovery Fund.[1] (Bus. & Prof. Code, §§ 10470-10483.[2])

### Statement of the Case

On July 10, 1967, plaintiffs obtained a judgment against defendant, a licensed real estate broker, in an action sounding in fraud for $4,025 compensatory damages and $2,500 punitive damages. No appeal was taken from that judgment within the prescribed time and it has, therefore, become final. Thereafter, on November 1, 1967, plaintiffs filed, pursuant to section 10471,[3] and in the same action in which the judgment was entered, a verified application for an order directing payment out of the Fund of the damages awarded in the judgment. A hearing was conducted upon such application following service of the application upon the Real Estate Commissioner.[4] At this hearing defendant was personally present and was called as a witness by the Attorney General, who was appearing as attorney for the Commissioner. Following the hearing the court made its order on March 7, 1968 directing the Commissioner to pay out of the Fund the compensatory damages awarded in the judgment to plaintiffs.

No appeal from this order was taken by the Commissioner, but an appeal has been taken therefrom by defendant. The Commissioner, however, is a proper party to this appeal since he was a party to the proceeding below and a party directly interested in the outcome of the appeal. He was, therefore, entitled to a notification by the clerk that a notice of appeal had been filed by defendant. (Cal. Rules of Court, rule 1(b);[5] see *General Ins.*

---

[1] The Real Estate Education, Research and Recovery Fund will hereafter be referred to as the "Fund."

[2] Unless otherwise indicated, all statutory references hereinafter made are to the Business and Professions Code.

[3] Section 10471, as it then read, provided, in pertinent part, as follows: "When any aggrieved person obtains a final judgment in any court of competent jurisdiction against any person licensed under this part, upon grounds of fraud, misrepresentation or deceit with reference to any transaction for which a license is required under this part . . . , the aggrieved person may, upon termination of all proceedings including reviews and repeals [*sic*] in connection with the judgment, file a verified application in the court in which the judgment was entered for an order directing payment out of the Real Estate Education, Research and Recovery Fund of the amount of actual damages . . . unpaid upon the judgment."

[4] Hereinafter referred to as the "Commissioner."

[5] Here, the clerk of the superior court did not mail a notification of the filing of the notice of appeal to the attorney for the Commissioner. We have permitted the Commissioner to become a party, upon his application and in conjunction with our granting a petition for rehearing filed by the Commissioner.

*Co. of America* v. *Whitmore,* 235 Cal.App.2d 670, 674 [45 Cal.Rptr. 556].) Plaintiffs do not contend that the subject order is not an appealable order, but they do contend that defendant has no standing to bring this appeal. The Commissioner does not contend that the subject order is erroneous nor does he make any attack on the validity or propriety of the order. He does contend, however, that plaintiffs are not necessary parties to this appeal; that defendant was the only party to the proceeding below who had a legitimate grievance against the Commissioner; that defendant was not deprived of any constitutional due process; that the Commissioner, relying on the final judgment in the fraud action, has disciplined defendant and that, therefore, any order by this court reversing the order below would undercut the discipline imposed. Defendant makes several attacks going to the merits of the order appealed from. We shall consider each of the respective contentions, but before doing so it is appropriate that we discuss the nature of the instant proceeding.

### The Recovery Fund

Pursuant to section 10471, as it read at the time the instant application was filed, any "aggrieved person" who obtained a final judgment in any court of competent jurisdiction against any person or persons licensed under the Real Estate Law on grounds of fraud, misrepresentation, or deceit with reference to any transaction for which a license was required could file a verified application in the court in which the judgment was entered for an order directing payment out of the Fund of the amount of actual damages unpaid upon the judgment. None of the pertinent statutes provided that the licensee should be made a party to the proceeding. Moreover, section 10471 provided for service of the application *only* upon the Commissioner.

Pursuant to section 10472, as it read at the time of the instant application, the "aggrieved person" was required to show, among other things, that he had obtained a judgment as set out in section 10471; that he had, pursuant to Code of Civil Procedure section 714, previously examined the judgment debtor under oath concerning his property; and that he had made a reasonable and diligent search to ascertain all personal and real property held by the judgment debtor capable of satisfying the judgment. Under section 10473,[6] as it read at the time of the instant proceeding, the

---

[6]Section 10473, in pertinent part, provided: "Whenever the court proceeds upon an application . . . , the commissioner shall have the right to answer and defend any such action against the . . . Fund on behalf of the fund and in the name of the defendant and shall have recourse to any appropriate method of review on behalf of the fund to include examination of witnesses, introduction of evidence and such

Commissioner could defend such an action by any and all appropriate means and, at the hearing, the judgment was only prima facie evidence of the validity of the claim.

■ The provisions under discussion clearly indicate that the determination to be made at the hearing upon such application was whether the Fund was to be invaded in order to satisfy the "aggrieved person's" judgment. The pivotal issue was whether the "aggrieved person" had obtained a judgment as set out in section 10471 and whether he has complied with the provisions of section 10472. Defending against the "aggrieved person's" application was specifically entrusted to the Commissioner. Section 10473, as it read at the time of the instant proceeding, specifically provided that the Commissioner had the right to defend the Fund and to appear on its behalf. ■ We point out here that the Fund belongs to the state and that the licensee's only connection with the Fund is that it is partially supported by the license fees collected by the Commissioner from licensees.[7] ■ Accordingly, insofar as the payment of monies out of the Fund was concerned, the present proceeding was against the Fund and not against the licensee. It was, therefore, a proceeding collateral to, independent of, and severable from the issues in the main action. Furthermore, in this proceeding, the Commissioner, a stranger to the main action, was made a party to the instant proceeding. In this connection, we note that, although section 10471 merely provided that the application was to be filed "in the court in which the judgment was entered for an order directing payment" out of the Fund, we apprehend that the language of the section contemplates that the application be filed in the same action.[8] This procedure was followed in the instant case.

### Standing of the Parties

■ Although the licensee is not a party to the hearing upon the application, it is clear that he is affected by the order for payment. Section 10475 provides that if the Commissioner is ordered to pay from the Fund, the licensee's license is automatically suspended upon the effective date of the order and until the amount paid from the Fund on his account is repaid to the Fund with 4 percent interest. Our inquiry, then, is whether the judgment debtor licensee is an aggrieved party under Code of Civil Procedure

other action as may be appropriate. . . . [¶] The judgment set forth in the application shall be considered the only prima facie evidence and the findings of fact therein shall not be conclusive . . . ."

[7]See sections 10450, 10450.6 and 10470.

[8]Section 10471, as it then read, provided that the application was to be filed after the "aggrieved person" had obtained a final judgment and "upon termination of all proceedings including reviews and repeals [sic] in connection with the judgment, . . ."

section 938 which, at the time of the instant appeal, provided that "Any party aggrieved may appeal" in cases in which appeals lie from the superior court.[9] In considering this question, we observe, initially, that the appellant's failure to participate in the matter below does not deprive him of his right to appeal. (*Guardianship of Copsey*, 10 Cal.2d 748, 752 [76 P.2d 691]; *Estate of Sloan*, 222 Cal.App.2d 283, 291 [35 Cal.Rptr. 167].)

In *Estate of Colton*, 164 Cal. 1, 5 [127 P. 643], it was held that ". . . any person having an interest recognized by law in the subject matter of the judgment, which interest is injuriously affected by the judgment, is a party aggrieved and entitled to be heard upon appeal." (See also *Buffington* v. *Ohmert*, 253 Cal.App.2d 254, 255 [61 Cal.Rptr. 360]; *Danielson* v. *Stokes*, 214 Cal.App.2d 234, 237 [29 Cal.Rptr. 489]; *Radunich* v. *Basso*, 235 Cal.App.2d 826, 829 [45 Cal.Rptr. 824].) The appellant's interest must be immediate, pecuniary, and substantial, and not a nominal or remote consequence of the judgment. (*Hamilton* v. *Hamilton*, 83 Cal.App.2d 771, 774 [189 P.2d 722]; *Leoke* v. *County of San Bernardino*, 249 Cal.App.2d 767, 771 [57 Cal.Rptr. 770].) It also appears to be the law in this state that if an appellant would be bound by a ruling of the trial court because of the doctrine of res judicata, then it is a party sufficiently aggrieved to warrant the right of direct appeal, irrespective of the fact that it was not a party of record in the original proceeding. (*Estate of Sloan, supra*, at p. 292; *Butterfield* v. *Tietz*, 247 Cal.App.2d 483, 485 [55 Cal.Rptr. 577]; *Harris* v. *Alcoholic Bev. etc. Appeals Bd.*, 245 Cal.App.2d 919, 922-923 [54 Cal.Rptr. 346]; see also *Leoke* v. *County of San Bernardino, supra*, at p. 771.) In this regard we observe, moreover, that although defendant was not a party to the "record" in the proceedings below, he was a party of record to the action in which the proceedings below were brought. We also observe that the interest of defendant in the subject license appears in the proceedings here under review.[10] ■ As noted in *Harris, supra*, "The test . . . is whether the party seeking to appeal has an interest which appears on the record." (P. 923.) (See *Estate of Levy*, 4 Cal.2d 223, 226 [48 Cal.Rptr. 675]; *Estate of Armstrong*, 241 Cal.App.2d 1, 6 [50 Cal.Rptr. 339].)

■ Applying these principles to the instant case we conclude that defendant is an "aggrieved party" entitled to appeal the order made in the proceedings below. There can be no question that defendant's license is

[9]Former Code of Civil Procedure section 938 is now section 902 of that code. The latter reads the same as the former.

[10]In the proceedings below the deputy attorney general representing the Commissioner called to the trial court's attention that he was not representing defendant and that if the court made an order granting plaintiffs' application that order would automatically suspend defendant's license to conduct his livelihood as a broker.

recognized as a valuable and vested property right. (*Hewitt* v. *Board of Medical Examiners,* 148 Cal. 590, 592 [84 P. 39]; *Elder* v. *Bd. of Medical Examiners,* 241 Cal.App.2d 246, 260 [50 Cal.Rptr. 304]; *Laisne* v. *Cal. St. Bd. of Optometry,* 19 Cal.2d 831, 835 [123 P.2d 457].) His interest in the license was injuriously affected by the order made in the proceedings below since by that order he was automatically deprived of a license in which he had a substantial and pecuniary interest. That interest clearly appears of record as does the fact that defendant is bound by the order since the making of the order automatically suspends his license, and, to that extent is res judicata.

We do not believe that a contrary conclusion is warranted because defendant could have appealed from the judgment in the main action. Defendant may have elected not to appeal that judgment for a variety of reasons. Moreover, the direct effect of that judgment was to impose monetary damages only. It did not, in and of itself, suspend defendant's license but was the basis for the instant proceeding which resulted in a suspension of defendant's license when the court below made its order for payment of the compensatory portion of the judgment for damages.

■ Adverting to the standing of plaintiffs, we observe that the Commissioner contends that plaintiffs are not necessary parties to defendant's appeal because plaintiffs cannot personally effectuate the relief defendant seeks, and, also, because they no longer have any interest in the proceedings in view of their assignment of the judgment against defendant to the Department of Real Estate. We disagree.

If defendant is successful in reversing the order for the payment of monies out of the Fund, the propriety of the payment made to plaintiffs by the Commissioner would be in question since the validity of that payment depends upon the validity of the order for payment which is under attack in this appeal. Plaintiffs are, therefore, necessary parties to this appeal since they have a vital and real interest in sustaining the order they obtained in the court below. (See *Peabody Seating Co.* v. *Superior Court,* 202 Cal. App.2d 537, 543 [20 Cal.Rptr. 792]; *Bowles* v. *Superior Court,* 44 Cal.2d 574, 583 [283 P.2d 704]; *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 521 [106 P.2d 879].) In any event, since the Commissioner concedes that plaintiffs are proper parties, any consideration as to whether they are necessary parties becomes academic. (See *Johnson* v. *Home Owners' Loan Corp.,* 46 Cal.App.2d 546, 548 [116 P.2d 167]; *Duval* v. *Duval,* 155 Cal.App.2d 627, 630 [318 P.2d 16]; *General Ins. Co. of America* v. *Whitmore, supra,* 235 Cal.App.2d 670, 674.)

### Constitutionality of Proceedings

■ The subject proceedings providing for recovery against the Fund are, pursuant to statute, proceedings in which the only parties are the person or persons who have obtained a judgment for fraud, misrepresentation and deceit against a person licensed under the Real Estate Law and the Commissioner. The only person entitled to defend the proceedings instituted by the judgment creditor is the Commissioner. The licensee is not a party to the proceedings nor is he entitled to defend against the application of his judgment creditor. Moreover, there is no provision under the statutes that notice be given to the licensee judgment debtor. Yet if a determination is made, following the hearing, that the judgment creditor is entitled to invade the Fund, the licensee's license is automatically suspended, effective upon the date of the order of the court, upon the payment of the claim by the Commissioner and until the amount paid from the Fund on the licensee's account is repaid to the Fund. (See § 10475.)

In view of these procedural circumstances, we raised the constitutionality of the subject proceedings on our own motion, our concern being particularly directed to whether defendant, whose license was in jeopardy by virtue of the proceedings, was deprived of due process since he was not afforded an opportunity to be heard. We did so in order to determine the extent to which defendant was entitled to urge error in the event we decided that defendant has standing to appeal. We accordingly asked all parties to brief this question. Having decided that defendant has standing to appeal, we proceed to discuss the constitutional implications.

The Commissioner has misconceived the constitutional issue. In his brief he simply states that defendant had notice and appeared at the hearing in propria persona and, therefore, was in nowise prejudiced. We observe, contrary to this assertion, that defendant was not present as a party in propria persona pursuant to notice but was there as a witness called on behalf of the Commissioner. Plaintiffs, on the other hand, have attempted to meet the issue directly. They assert that the Legislature may constitutionally provide for the revocation or suspension of a license upon the happening of certain specified events without providing for notice or hearing to the licensee. (See *DiGenova* v. *State Board of Education,* 45 Cal.2d 255, 259-262 [288 P.2d 862]; *Yeoman* v. *Department of Motor Vehicles,* 273 Cal.App.2d 71, 76-77 [78 Cal.Rptr. 251].)

The principle urged by plaintiffs is that which is predicated upon the rationale that the suspension or revocation of the license results from ministerial action rather than judicial or quasi-judicial action, that is, where the ascertainment of the specified event making it mandatory to suspend or revoke is a question of law. (*DiGenova* v. *State Board of Education,*

*supra,* at p. 260.) Thus, this rule is applied and a mandatory duty to revoke is imposed where the licensee has been convicted of a specified crime. (See *DiGenova* v. *State Board of Education, supra,* at pp. 260-262.) In such cases there is no real necessity to examine the facts, resolve any conflicts in the evidence, and exercise any judgment with respect thereto, but the only question is a legal one, i.e., whether the licensee was convicted of a crime of the character specified in the statute. (See *DiGenova* v. *State Board of Education, supra; In re Collins,* 188 Cal. 701, 706 [206 P. 990, 32 A.L.R. 1062]; and see *Covert* v. *State Board of Equalization,* 29 Cal.2d 125, 131 [173 P.2d 545].) In these cases due process is satisfied because the licensee had his day in court when he was put to trial for and convicted of the commission of such crime. (*In re Collins, supra; DiGenova* v. *State Board of Education, supra,* at p. 261.) A different situation arises, however, where an independent judicial or quasi-judicial determination of facts as a basis for the suspension or revocation must be made. In such cases a license may not be suspended or revoked without granting a hearing to the licensee. (See *Ratliff* v. *Lampton,* 32 Cal.2d 226, 227 [195 P.2d 792, 10 A.L.R.2d 826]; *Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260, 269 [246 P.2d 656]; *DiGenova* v. *State Board of Education, supra,* at p. 259.)

Adverting to real estate licensees against whom a final judgment on grounds of fraud, misrepresentation or deceit has been obtained, we observe that the Legislature has not provided that upon the happening of such event the suspension or revocation of his license follows automatically upon presentation of the fact of such judgment to the Commissioner. With respect to disciplinary proceedings, we observe that section 10177.5[11] specifically provides that in such cases the licensee must be given a hearing. This statute, by virtue of the language employed, obviously contemplates that before a license may be suspended or revoked it must be established at the hearing not only that such a judgment was obtained but also that it was based on grounds of fraud, misrepresentation or deceit "with reference to any transaction for which a license is required."

In cases involving an application to invade the Fund, as in the present case, we observe that section 10471, providing for the filing of the application to recover from the Fund, contains the same language with respect to the nature of the judgment against the licensee as does section 10177.5 applying to disciplinary proceedings, i.e., that the judgment must be "upon grounds of fraud, misrepresentation, or deceit with reference to any trans-

[11]Section 10177.5 provides: "When a final judgment is obtained in a civil action against any real estate licensee upon grounds of fraud, misrepresentation, or deceit with reference to any transaction for which a license is required under this division, the commissioner may, after hearing in accordance with the provisions of this part relating to hearings, suspend or revoke the license of such real estate licensee."

action for which a license is required . . . ." However, neither section 10471, nor any of the other sections applicable to an attempt to recover from the Fund, provide that the licensee shall be entitled to a hearing. The parties to the hearing are the judgment creditor and the Commissioner. The creditor, in addition to showing the essentials required by section 10472, must also establish that the judgment is of the nature described in section 10471. The Commissioner, in turn, is entitled to defend against the application and, in so doing, to examine witnesses and to introduce evidence. (§ 10473.) After this hearing the court determines whether the creditor's claim should be levied against the Fund (§ 10474), and upon the payment of this claim by the Commissioner the licensee's license is suspended effective the date of the order and until the licensee repays the amount to the Fund.

It is thus apparent that the suspension of the license is not made mandatory upon the rendition of the judgment against the licensee upon the grounds of fraud, but upon the determination by the court in the collateral proceeding to invade the Fund and upon the evidence adduced at that proceeding. The court in the latter proceeding makes an independent determination as to whether the judgment is one obtained on the grounds of fraud, misrepresentation, or deceit with reference to a transaction for which a real estate license was required. In sum, the court in the collateral proceeding examines the facts, resolves any conflicts in the evidence, and exercises its judgment in respect thereto. This determination is the event upon which the licensee's license is automatically suspended. Yet the licensee, since he is not a party to the proceeding, is not permitted to show that the claim is one which may not properly be levied against the Fund.

In view of the foregoing we conclude, insofar as the proceedings seeking recovery against the Fund are concerned, that defendant was denied due process and that section 10475 is unconstitutional because it provides for an automatic suspension of the license of a real estate broker or salesman without a hearing. This conclusion, however, does not require that we declare that all of the recovery fund statutes and proceedings pursuant thereto are unconstitutional. All of the subject statutes, other than section 10475, are not injurious to defendant nor do they deprive him of any constitutional right. These statutes deal with whether a judgment creditor of a real estate licensee is entitled to satisfy his judgment against the Fund. This Fund is made up of fees paid by all real estate licensees into the state treasury. The Fund belongs to the State of California (see § 10470) and the Legislature has entrusted the Commissioner with the obligation of putting the judgment creditor to his proof in his application to have his judgment satisfied by the Fund. The Legislature, in its wisdom, has seen fit to make the recovery proceeding one between the judgment creditor and

the Commissioner. This proceeding, insofar as it results in an order that the claim be satisfied by the Fund to the extent provided by section 10474, does not prejudice defendant. (See *United States* v. *Raines,* 362 U.S. 17, 21-22 [4 L.Ed.2d 524, 529-530, 80 S.Ct. 519]; *In re Cregler,* 56 Cal.2d 308, 313 [14 Cal.Rptr. 289, 363 P.2d 305].)

## Conclusion

In view of the foregoing we conclude that on this appeal defendant may only be heard to complain that his license was improperly suspended under section 10475. He has no standing to complain with respect to the propriety of the order made by the court below directing payment of plaintiff's judgment from the Fund. We, therefore, will not consider the contentions made by him going to the merits of the order.

Insofar as the Commissioner is concerned, he does not attack the propriety of the order. His concern on appeal is that any holding on our part that defendant's license may not be suspended under section 10475 undercuts the discipline imposed by the Commissioner pursuant to the disciplinary powers vested in him under section 10177.5. There is no basis for this concern. In the first place the matter of the discipline imposed under section 10177.5 is outside the record on this appeal and we cannot, therefore, properly consider matters not in the record. (See *Weller* v. *Chavarria,* 233 Cal.App.2d 234, 246 [43 Cal.Rptr. 364]; *Bank of America* v. *Dowdy,* 186 Cal.App.2d 690, 695 [9 Cal.Rptr. 779]; *Dryer* v. *Dryer,* 231 Cal.App.2d 441, 451 [41 Cal.Rptr. 839].) We do point out, however, that our decision in no way purports to hold that the Commissioner may not exercise his disciplinary powers under section 10177.5 or that he has exercised the powers thereunder improperly. We merely hold that the judgment obtained by plaintiffs against defendant is one within the contemplation of the recovery fund statutes but that the order for payment out of the recovery fund in satisfaction of such judgment does not automatically suspend defendant's license.

The automatic suspension of defendant's license pursuant to section 10475 is annulled. The order appealed from is affirmed. Each party shall bear his own costs.

Sims, J., and Elkington, J., concurred.