[No. E002865. Fourth Dist., Div. Two. June ll, 1987.]

INLAND COUNTIES REGIONAL CENTER, INC., Plaintiff and Appellant, v.
OFFICE OF ADMINISTRATIVE HEARINGS, Defendant and Respondent;
CHRISTOPHER MIONSKE, Real Party in Interest and Respondent.

**COUNSEL**

McPeters, McAlearney & Shimoff and Daniel T. Hatt for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Catherine Blakemore, Marilyn Holle and Dawn Pell for Real Party in Interest and Respondent.

**OPINION**

**HEWS, J.**—Plaintiff, Inland Counties Regional Center (Regional Center), appeals a ruling dismissing a petition for writ of mandate for failure to name real party in interest, an indispensable party, in the petition.

## I

### FACTS

Christopher Mionske was born on February 10, 1979, with spina bifida and after one month, he developed hydrocephalus. Mionske was periodically evaluated by Regional Center to determine whether he was developmentally disabled, and thus eligible for Regional Center services. In early September 1983, Regional Center determined Mionske was ineligible for services.

A year later, Mionske requested an appeal to the director of Regional Center, and on September 28, 1984, the director determined he was not eligible for services.

Pursuant to the Welfare and Institutions Code, Mionske appealed Regional Center's adverse finding. An evidentiary hearing was conducted by the Office of Administrative Hearings (OAH), and on November 21, 1984, the OAH determined Mionske was developmentally disabled and, therefore, entitled to services.

Regional Center filed a petition for writ of mandate to review the OAH decision. Regional Center's petition was granted and on July 3, 1985, the court issued a peremptory writ of mandate, commanding OAH to set aside its determination Mionske was developmentally disabled and entitled to Regional Center's services, and to issue a new determination.

On August 1, 1985, Mionske filed a motion to set aside the judgment granting the writ and to have a different judgment entered, pursuant to Code of Civil Procedure sections 663 and 663a, or, alternatively, for a new trial pursuant to Code of Civil Procedure sections 657, 658, 659, 660 and 662. The superior court granted Mionske's motion to set aside the judgment and enter a different judgment. The July 3 writ was recalled and any actions taken under the direction of the July 3 writ were set aside.

Regional Center seeks to reverse the trial court's judgment arguing the trial court improperly concluded Mionske was not made a party to the mandate proceeding. Regional Center also contends Mionske's motion was barred by laches and estoppel.

## II

### JOINDER OF PARTIES

Code of Civil Procedure section 663, in pertinent part, establishes: "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected."

The Supreme Court in *County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 738 [97 Cal.Rptr. 385, 488 P.2d 953], has interpreted similar language to mean "the motion may be made whenever the trial judge draws an incorrect legal conclusion or renders an erroneous judgment upon the

facts found by it to exist." The court has, at its discretion, the power to grant such a motion. (*County of Alameda* v. *Lackner* (1978) 79 Cal.App.3d 274, 282 [144 Cal.Rptr. 840].)

▪ The trial court in the case at bench observed: "Petitioner Inland Counties Regional Center's Petition for Peremptory Writ is dismissed with prejudice on the grounds that

"a. Real Party in Interest Christopher Mionske was not listed [as a] party in either the caption or the body of the petition;

"b. Christopher was an indispensable party[1] and cannot now be made a party, since the 90 days to do so has expired; and

"c. That being so, this case cannot, in equity and good conscience proceed."

▪ ▪ ▪ ▪ In the instant case, therefore, we must determine whether the trial court properly determined, as a matter of law,[2] Mionske was not made a party in the writ proceedings as a result of a defect in Regional Center's pleading, and if properly determined, whether the court abused its discretion in recalling the writ.

The trial court concluded Mionske was not listed in the body of the petition. We agree with the trial court.

California Rules of Court, rule 56(a), governs the form and content of a petition for writ of mandate. Rule 56(a)(2), states: "[I]f any judge, court, board, or other officer or tribunal in the discharge of duties of a public character be named therein as respondent, the *petition shall disclose the name of the real party in interest*, if any, or the party whose interest would be directly affected by the proceeding. ..."[3] The phrase "the petition shall disclose the name of the real party in interest," however, is somewhat ambiguous and begs the following question: Need the petition merely refer to the real party in interest by name without mentioning his capacity, or

---

[1] Both parties agree Mionske is an indispensable party.

[2] When the facts in a given matter are not in conflict, construction of those facts is a question of law. (*Goddard* v. *South Bay Union High School Dist.* (1978) 79 Cal.App.3d 98, 105 [144 Cal.Rptr. 701].)

[3] See also Code of Civil Procedure section 1107 which, in pertinent part, states: "When an application is filed for the issuance of any prerogative writ, the application shall be accompanied by proof of service of a copy thereof upon the respondent and the real party in interest named in such application."

must the petition refer to the real party in interest specifying his capacity? We find the latter form is required.

Our interpretation is aided by Warren H. Deering, California Administrative Mandamus (Cont.Ed.Bar 1966). In his discussion of intervention by a real party in interest, Deering notes: "Intervention is not necessary in the usual case. If the petition has been drawn properly . . . , *all persons having a direct beneficial interest in the outcome of the proceedings will have been named as real parties in interest.* Any party so named is entitled to file his own answer or other appropriate pleadings, separate from those filed by the respondent agency.

"The petition may, however, fail to mention the interested person, *or may refer to him in the body of the petition but not as a party.* Such a person, on learning of the proceedings, should consider obtaining an order permitting him to intervene as a real party in interest . . . . Whether to intervene is, of course, a tactical decision. Under some circumstances a party may prefer not to be bound by the court's judgment. In other situations it is clearly better to participate, *e.g.,* a competitor of the petitioner, on whose complaint the petitioner's business license was suspended or revoked, may wish to intervene to assist in having the agency's decision upheld." (Italics added, *op. cit. supra,* p. 191.)

California case law further supports the conclusion the interested party's capacity must be provided in the body of the petition. In *Greif* v. *Dullea* (1944) 66 Cal.App.2d 986 [153 P.2d 581], although Yellow Cab Company was mentioned by name in the petitions, the court concluded it had not, by mere reference, been made a party to the action. It is readily inferable that *Sierra Club, Inc.* v. *California Coastal Com.* (1979) 95 Cal.App.3d 495 [157 Cal.Rptr. 190], which relies upon *Greif,* stands for a like proposition.[4]

As Regional Center's petition only discloses "[o]n or about September 9, 1983 Christopher Mionske ('Claimant') was evaluated by Petitioner to determine whether he was eligible for Petitioner's services, i.e., whether he

---

[4]In *Sierra Club,* the Sierra Club's petition for writ of mandate had alleged the regional commission had granted to Moores, a developer, a particular permit. After the statute of limitations had run, petitioner filed an amended petition "which differed from the original petition only in that it named Moores . . . as the real party in interest." (*Sierra Club, Inc.* v. *California Coastal Com., supra,* 95 Cal.App.3d at p. 498.) *Sierra Club* found the original petition had failed to include Moores as a party to the action and dismissed the action.

was developmentally disabled," we conclude the trial court properly found Mionske was never made a party to the action.[5]

## III

### EQUITABLE CONSIDERATIONS

As further noted in *Sierra Club*: "Failure to join an 'indispensable' party is not 'a jurisdictional defect' in the fundamental sense; even in the absence of an 'indispensable' party, the court still has the power to render a decision as to the parties before it which will stand. It is for reasons of equity and convenience, and not because it is without power to proceed, that the court should not proceed with a case where it determines that an 'indispensable' party is absent and cannot be joined. (*Kraus* v. *Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 364 ....)" (*Sierra Club, Inc.* v. *California Coastal Com., supra,* 95 Cal.App.3d at 500.)

The trial court, in the present case, concluded it could not "in equity and good conscience proceed." We have reviewed the determination of the trial court and observe no abuse of discretion.

Regional Center nevertheless argues, notwithstanding its failure to join Mionske, an indispensable party, "the equities should have caused the superior court to dismiss Mionske's motion." Regional Center relies upon the doctrines of laches and estoppel. Essentially, Regional Center is arguing Mionske should be bound by the trial court's judgment, even though he was not a party to the petition.

As succinctly noted in *Greif* v. *Dullea, supra,* 66 Cal. App.2d at 995, "[a]n indispensable party is not bound by a judgment in an action in which he was not joined." Mionske did not participate in the writ proceeding and was not obligated to intervene or waive Regional Center's defective plead-

[5] Regional Center suggests the efficacy of *Greif* v. *Dullea, supra,* 66 Cal.App.2d 986, has been undermined by *Harris* v. *Alcoholic Bev. etc. Appeals Bd.* (1966) 245 Cal.App.2d 919 [54 Cal.Rptr. 346]. In *Harris,* however, the court specifically noted the appellant "was named in the petition as a real party in interest, ..." (*Id.,* at p. 921.) In the case at bar, Mionske was not named a real party in interest.

Regional Center also contends that *Greif* is also limited "under California Rules of Court, Rule 56(a) which is now in effect, ..." *Greif,* however, was written in November 1944, while rule 56(a)(2), which remains in its original form, became effective July 1, 1943.

ing. (*Motores De Mexicali* v. *Superior Court* (1958) 51 Cal.2d 172, 175-176 [331 P.2d 1].)

## IV

### DISPOSITION

Judgment affirmed.

Campbell, P. J., and McDaniel, J., concurred.