Filed 12/24/15  Tobias Partners, L.P. v. City of Los Angeles CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TOBIAS PARTNERS, L.P., | B256419 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS139281) |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from judgment of the Superior Court of Los Angeles County, Robert H. O'Brien, Judge.  Affirmed.

Burgee & Abramoff P.C. and John G. Burgee for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Amy Jo Field, Assistant City Attorney, and Juliann Anderson, Deputy City Attorney, for Defendant and Respondent.

_____

# INTRODUCTION

Plaintiff Tobias Partners, L.P. appeals the trial court's denial of its petition for a writ of mandate to order the Los Angeles Housing Department to rescind its decision allowing tenants of an apartment complex owned by Tobias to recover relocation expenses from Tobias. The trial court dismissed the writ because Tobias failed to join the tenants. We affirm because the trial court did not abuse its discretion in determining that the tenants were indispensible to the action. As the 90-day statute of limitations had run, joinder of the tenants was impracticable. Thus, Tobias' failure to join the tenants was fatal to its case and the trial court's denial was not an abuse of discretion.

# FACTS AND PROCEDURAL BACKGROUND

Tobias owns a 202-unit apartment complex in Panorama City. In 2011, the Los Angeles Housing Department inspected the complex and found substandard conditions related to plumbing issues. Tobias decided to repipe the entire building to address these issues. Pursuant to the Los Angeles Municipal Code, a landlord must submit a Tenant Habitability Plan to the Housing Department for review and approval when engaging in primary renovation work, like repiping the complex. (L.A. Muni. Code, §152.03.) Pursuant to that municipal code scheme, "[i]f the Primary Renovation Work and any Related Work will impact the habitability of a rental unit for 30 days or more, any tenant affected by the Primary Renovation Work and Related Work shall have the option to voluntarily terminate the tenancy in exchange for permanent relocation assistance." (L.A. Muni. Code, §152.05(A).) In accordance with these provisions, Tobias submitted plans to repipe the units as well as a Tenant Habitability Plan to the Housing Department.

In response to Tobias' proposal and tenant habitability plan, the Housing Department required Tobias to provide a notice to the tenants in connection with the repiping, which stated that a tenant may elect permanent relocation because the renovation work was scheduled to last more than 30 days. Eighteen tenants requested permanent relocation payments and Tobias rejected their requests on the ground that the tenants' units would not be uninhabitable for more than 30 days. The tenants appealed the rejection of the relocation requests to the Housing Department. A hearing was held

by the Housing Department general manager, who took evidence from the parties, including testimony from tenants regarding the problems they have experienced as a result of Tobias' renovation.  The General Manager issued a hearing decision, ruling that "[a]ny [t]enant affected by [p]rimary [r]enovation [w]ork and [r]elated [w]ork shall have the option to voluntarily terminate the tenancy in exchange for permanent relocation assistance pursuant to [Los Angeles Municipal Code] Section 151.09G since the [p]rimary [r]enovation [w]ork and any related [w]ork, as set forth in the [Tenant Habitability Plan], has impacted the [t]enant for 30 or more days from the commencement date of the work."  As a result of the decision, the tenants asserted their right to relocation assistance payments.

Tobias petitioned the superior court for a writ of mandate pursuant to Code of Civil Procedure section[1] 1094.5,[2] requesting that the court issue a writ mandating LAHD to rescind the June 14, 2012 decision finding that the tenants may terminate their leases and receive relocation assistance payments, and a preliminary injunction barring any action to enforce the June 14, 2012 decision or to force Tobias to make relocation

---

[1]     All subsequent statutory references are to the Code of Civil Procedure unless indicated otherwise.

[2]     We note that Tobias erroneously captioned its petition as for a traditional writ of mandate pursuant to section 1085.  Nonetheless, Tobias also cited and relied on section 1094.5, which addresses writs for administrative mandamus, in its petition and trial brief.  "Whether a petitioner must proceed under section 1094.5 to obtain judicial review of a local agency's action, or is entitled to petition under section 1085 depends on the type of action undertaken by the local agency:  'Generally speaking, a legislative action is the formulation of a rule to be applied to all future cases, while an adjudicatory act involves the actual application of such a rule to a specific set of existing facts.  [Citations.]' [Citation.]  The former may be reviewed by ordinary mandate (§ 1085), but '[t]he adjudicatory nature of the [local agency's] action *requires* that judicial review proceed pursuant to . . . section 1094.5.' " (*Tielsch v. City of Anaheim* (1984) 160 Cal.App.3d 570, 574.)  Despite the caption error, Tobias was required to proceed under section 1094.5 because it sought review of the general manager's application of the Los Angeles Municipal Code to a particular set of facts regarding Tobias' renovations to the tenants' units.  We review this case in light of the procedural framework associated with administrative mandamus writ petitions brought pursuant to section 1094.5.

assistance payments.[3] Tobias solely named the City of Los Angeles, the Housing Department, and the general manager as defendants. At the hearing, the court, sua sponte, raised the issue of Tobias' failure to join the tenants as necessary parties. The court heard oral argument on the issue but refused to allow the parties to brief it. The court subsequently concluded that the failure to join the tenants who made requests for relocation assistance payments was fatally defective to Tobias' case. The court explained that the general manager's decision conferred a right to relocation expenses upon the tenants and therefore the tenants' interests were implicated in the relief requested by Tobias. The court denied the petition without prejudice on the basis of Tobias' failure to join the tenants.

## DISCUSSION

Tobias contends that the trial court erred in dismissing Tobias' writ petition for its failure to join the tenants and for not affording Tobias an opportunity to brief the issue. We review the court's determination that tenants were indispensible to the action for abuse of discretion. (*Kaczorowski v. Mendocino County Bd. of Supervisors* (2001) 88 Cal.App.4th 564, 568 ["Whether a party qualifies as indispensable is ordinarily treated as a matter where the trial court has a large measure of discretion in weighing factors of practical realities and other considerations. [Citation.] Accordingly, the trial court's determination that [a person] was an indispensable party will be reversed only if it amounts to an abuse of discretion."].) We review de novo whether Tobias' due process rights have been violated. (*Mohilef v. Janovici* (1996) 51 Cal.App.4th 267, 285 [As procedural matters in writ of mandate proceedings present "pure question[s] of law involving the application of the due process clause, we review the trial court's decision de novo."].)

---

[3] This case was originally assigned to Judge Jones. However, it was reassigned to Judges O'Donnell and O'Brien. Since the matter was never tried or heard before Judge Jones, she is not disqualified from participating in any appellate review of this proceeding. (See section 170.1, subd. (b).)

4

1. **The Court Did Not Abuse Its Discretion in Finding that the Tenants Were Indispensible Parties**

Section 389 requires that a person be joined as a necessary party "if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." (§ 389, subd. (a).)

"If a person is determined to qualify as a 'necessary' party under one of the standards outlined above, courts then determine if the party is also 'indispensable.' Under this analysis 'the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder.' (Code Civ. Proc., § 389, subd. (b).)" (*City of San Diego v. San Diego City Employees' Retirement System* (2010) 186 Cal.App.4th 69, 83-84.) No one factor is decisive and the court's consideration of the factors largely depends the facts of the case. (*Id*. at p. 84.) " 'Whether a party is necessary and/or indispensable is a matter of trial court discretion in which the court weighs "factors of practical realities and other considerations." ' " (*Ibid*.)

"Indispensable parties have been identified as those who are essential for 'a complete determination of the controversy' [citations] or the ability of a court to enter 'any effective judgment' [citation]." (*Kaczorowski v. Mendocino County Bd. of Supervisors, supra,* 88 Cal.App.4th at p. 568.) " '[A] person is an indispensable party

5

[only] when the judgment to be rendered necessarily must affect his rights.' " (*Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 808.) Put another way, "[t]he controlling test for determining whether a person is an indispensable party is, 'Where the plaintiff seeks some type of affirmative relief which, if granted, would injure or affect the interest of a third person not joined, that third person is an indispensable party. [Citation.]' " (*Save Our Bay, Inc. v. San Diego Unified Port Dist.* (1996) 42 Cal.App.4th 686, 692.)

a.      *The Tenants Were Necessary Parties*

Here, Tobias sought to have the court issue a writ mandating LAHD to rescind the June 14, 2012 decision finding that the tenants may terminate their leases and receive relocation assistance payments, and a preliminary injunction barring any action to enforce the June 14, 2012 decision or to force Tobias to make relocation assistance payments. This decision was the result of the tenants' appeal to the Housing Department, which they brought when Tobias refused to pay relocation expenses. The tenants who made requests for relocation assistance payments clearly claimed an interest relating to the subject of Tobias' writ petition. A disposition in favor of Tobias without inclusion of the tenants would have, as a practical matter, impeded the tenants' ability to protect their interest and defend their right to obtain the relocation assistance payments. These tenants were thus necessary parties to the writ petition action.

b.      *The Tenants Were Indispensible Parties*

In analyzing the factors stated above, we further conclude that the court did not abuse its discretion in determining that the case could not proceed without joinder of the tenants. First, if the court proceeded with the case and rendered a judgment in favor of Tobias in the tenants' absence, the judgment would be extremely prejudicial to the tenants as it would effectively eliminate their right to recover relocation assistance payments from Tobias. Notably, Tobias sought to eliminate the prior ruling that the tenants obtained in their appeal to the Housing Department. Tobias' writ petition thus obviously and necessarily affects the tenants' rights.

6

Second, there are no apparent protective measures that the court could have taken to shape the judgment to be less prejudicial to the tenants. Tobias' objective was entirely about eliminating the tenants' right to recovery of relocation assistance payments. The sole relief sought is contrary to the tenants' interests.

Third, any judgment rendered in the tenants' absence would have been inadequate as they could not be bound to such judgment. "[T]he rights of a person cannot be affected by a suit to which he is a stranger." (*Whitney v. Higgins* (1858) 10 Cal. 547, 551; *Inland Counties Regional Center, Inc. v. Office of Administrative Hearings* (1987) 193 Cal.App.3d 700, 706 [An " 'indispensable party is not bound by a judgment in an action in which he was not joined.' "].) Because Tobias' petition inherently sought to adjudicate the tenants' rights, joinder was essential for a complete adjudication of the Tobias' claims.

Lastly, denying the petition for failure to name an indispensable party leaves Tobias without a remedy. This situation, however, is of Tobias' own making and, therefore, does not weigh in favor of a determination on the merits. (See *Tracy Press, Inc. v. Superior Court* (2008) 164 Cal.App.4th 1290, 1302.)

The sum of these factors strongly supports the trial court's conclusion that the tenants were indispensible to the present action. Tobias sought relief, which if granted would substantially injure the tenants' ability to recover relocation assistance payments. Based on the forgoing, we conclude that the court did not abuse its discretion in concluding that the case could not proceed based on Tobias' failure to join the tenants.

## 2. Dismissal of the Petition Was Not an Abuse of Discretion

Tobias argues that the trial court should have permitted it to amend the petition to join the tenants as defendants rather than dismiss the case. We conclude the court did not err in dismissing the case as failure to join the tenant was fatal to Tobias' petition. A 90-day statute of limitation applied to Tobias' petition pursuant to section 1094.6, subdivision (b). This is "a procedural limitations provision and, consequently, jurisdictional." (*Donnellan v. City of Novato* (2001) 86 Cal.App.4th 1097, 1103.) As the general manager's decision was rendered on June 14, 2012, the 90-day limitations period

expired in September 2012.  The court raised the joinder issue in February 2014.  At that point in time, joinder of the tenants would have violated the 90-day statute of limitations.  The court thus lacked jurisdiction over Tobias' claims against the tenants and their joinder was impracticable.

Although not argued by Tobias, we note that the relation back doctrine was inapplicable here.  "[A]n amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed."  (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176; *Hawkins v. Pacific Coast Bldg. Products, Inc.* (2004) 124 Cal.App.4th 1497, 1503.)  In *Sierra Club, Inc. v. California Coastal Com.* (1979) 95 Cal.App.3d 495, 502 (*Sierra Club*), the Court of Appeal concluded that the trial court properly dismissed a writ of mandate where an indispensible party to the proceeding could not be made a party to the action since the statute of limitations had run.  That court noted that the equitable tolling relation back doctrine applied only in a situation where the plaintiff commences a second action that is a continuation of an earlier action, involving the same parties, facts, and cause of action.  (*Id*. at pp. 503-504.)  In explaining why the relation back doctrine was inapplicable, the court concluded that "[h]ere, the very crux of the problem is that the parties to the original petition and the amended petition were *not* the same, since [the individual the plaintiff sought to join], although an indispensable party, was not named a party in the original petition."  (*Id*. at p. 504.)

Similarly here, Tobias could not join the tenants at this late juncture since the statute of limitations had run, Tobias never named the tenants in the original petition, and the relation back doctrine was inapplicable because it only applies where the parties are the same in the first and amended petitions.  The court thus did not err in dismissing Tobias' case as the tenants, who were properly found to be indispensible parties, could not be made parties. (See *Sierra Club, supra,* 95 Cal.App.3d at p. 502 ["Subdivision (b) of section 389, Code of Civil Procedure, authorizes dismissal of an action where a person determined to be indispensable 'cannot be made a party.' "].)

8

**3.     Tobias's Due Process Rights Were Not Violated**

Tobias contends that the court violated its due process rights by raising the issue of Tobias' failure to join an indispensible party sua sponte, without providing Tobias any notice and a meaningful opportunity to be heard. At oral argument, counsel for Tobias asserted that Tobias had a right to two hearings on this issue -one at the trial court and another before this Court– even if we concluded the trial court did not err.

We disagree. It is well established that trial and appellate courts may raise the issue of indispensible parties sua sponte at any time. (*Fraser-Yamor Agency, Inc. v. County of Del Norte* (1977) 68 Cal.App.3d 201, 214; *Bank of California v. Superior Court* (1940) 16 Cal.2d 516, 522.) Furthermore, Tobias has had ample notice and a meaningful opportunity to brief and argue the indispensible party issue before this Court. Based on that briefing and argument, as well as our own research, we have concluded that the court did not abuse its discretion in determining the tenants to be indispensible parties and dismissing the case.

We will not reverse the trial court's judgment unless Tobias was prejudiced by the court's premature resolution of his strict liability claim. "No judgment shall be set aside . . . in any cause . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) "A miscarriage of justice should be declared only when the reviewing court is convinced after an examination of the entire case, including the evidence, that it is reasonably probable a result more favorable to the appellant would have been reached absent the error. [Citations.] Prejudice from error is never presumed but must be affirmatively demonstrated by the appellant." (*Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 853-854.)

Tobias has had ample notice of and a meaningful opportunity to argue the indispensible party issue before this Court, and has failed to demonstrate prejudice. We therefore conclude that Tobias' due process rights have not been violated.

9

## DISPOSITION

The judgment is affirmed.  Defendant and Respondent City of Los Angeles is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


JONES, J. [*]

I concur:


ALDRICH, Acting P. J.


LAVIN, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.